SUMMARY ORDER

Petitioner Qui Jian Jiang, a native and citizen of the People’s Republic of China, seeks review of an August 23, 2007 order of the BIA denying his motion to reopen. In re Qui Jian Jiang, No. A072 484 014 (B.I.A. Aug. 23, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Jiang’s untimely motion to reopen or in finding him ineligible to file a successive asylum application.
We find that the BIA reasonably concluded that the birth of Jiang’s four children in the United States constituted changed personal circumstances, rather than changed country conditions, and was therefore insufficient to warrant reopening his proceedings. See Wei Guang Wang v. 437 F.3d 270, 273 (2d Cir.2006); Li Yang Zheng v. U.S. Dep’t of Justice, 416 F.3d 129, 130 (2d Cir.2005). Jiang has abandoned any challenge to the BIA’s conclusion that he failed to establish changed country conditions in China that would warrant the reopening of his proceedings by failing to raise such an argument either before the BIA or to this Court. See Gui Yin Liu v. INS, 508 F.3d 716, 723 n. 6 (2d Cir.2007); Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005). In any event, we have previously reviewed the BIA’s consideration of evidence similar to that which Jiang provided with his untimely motion to reopen, and have found no error in the BIA’s conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. See Jian Hui Shao, 546 F.3d at 169-72.
Jiang’s arguments that he was entitled to file a successive asylum application, including his arguments based on international law and the equal protection clause, are foreclosed by our decision in Yuen Jin v. Mukasey, 538 F.3d 143 (2d Cir.2008). Finally, we lack jurisdiction to review the BIA’s decision not to exercise its sua sponte authority to reopen Jiang’s proceedings. See Ali, 448 F.3d at 517.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).